UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JOSE ALVARADO,                                  :
                                                :
                    Petitioner,                 :
                                                :         **ORDER DENYING**
             - against -                        :         **HABEAS CORPUS**
                                                :
JOHN W. BURGE, Superintendent,                  :
                                                :         05 Civ. 1851 (AKH)
                    Respondent.                 :
                                                :
-----------------------------------------------------X
ALVIN K. HELLERSTEIN, U.S.D.J.:

      Jose Alvarado, proceeding pro se, petitions for habeas corpus relief pursuant to Section 2254, Title 28, United States Code. He seeks review of his conviction of Criminal Sale of a Controlled Substance in the First Degree, in violation of Section 220.43(1) of the New York Penal Law. For the reasons set forth below, I deny his petition.

      Petitioner, along with another individual, was arrested on January 7, 2000, for selling cocaine to an undercover police officer during a buy-and-bust operation. The undercover officer bought the drugs with pre-recorded buy money and, after the arrest, identified petitioner in a drive-by show-up. Petitioner was convicted, on November 28, 2000, by the Supreme Court, New York County, after a jury found him guilty of Criminal Sale of a Controlled Substance in the First Degree, in violation of New York Penal Law § 220.43(1). He was sentenced to imprisonment of fifteen years to life on December 15, 2000. Petitioner, with counsel, appealed his conviction to the Appellate Division, First Department, asserting that: (1) his right to confront witnesses testifying against him was violated when the undercover identifying officer testified without identifying himself by

name and, allegedly, without showing cause for withholding his name; (2) that key witnesses failed to appear at pre-trial suppression hearings; and (3) the pre-recorded buy money had become commingled with money obtained from another party arrested at the site and therefore was tainted, and inadmissible as evidence. In addition, in a pro se supplemental brief, petitioner asserted that: (1) his right to be present at his pre-trial Sandoval hearing was violated; and (2) he had ineffective counsel. On January 6, 2004, the Appellate Division affirmed the judgment of conviction. People v. Jose Alvarado, 769 N.Y.S.2d 881, 882 (1st Dept. 2004). Leave to appeal to the New York Court of Appeals was denied on March 23, 2004. People v. Jose Alvarado, 810 N.E.2d.2d 916, 916 (N.Y. 2004).

On February 4, 2005, petitioner, proceeding pro se, petitioned for habeas corpus relief pursuant to Section 2254, Title 28, United States Code, asserting essentially the same four errors he raised in his direct appeal. While the petition was pending, on March 13, 2005, petitioner moved, pro se, in Supreme Court, New York County, to vacate his conviction pursuant to Section 440.10, New York Criminal Procedure Law, on the grounds that: (1) his right to confrontation was violated; (2) the pre-recorded buy money was inadmissible evidence; and (3) the drive-by identification was improper as it was both impermissibly suggestive and made by an undercover officer who testified anonymously at trial. While that motion and his habeas petition were pending, on April 7, 2005 petitioner, proceeding pro se, moved in the Appellate Division, First Department, for an order granting a writ of error coram nobis on the grounds that: (1) identification was improper; (2) counsel was inadequate; and (3) failure to produce the transmitting

officer at the pre-trial <u>Mapp</u> hearing should have resulted in suppression of the physical evidence because the government failed to show probable cause.

On May 31, 2005, petitioner requested that I stay his habeas petition pending exhaustion of his state remedies. Respondent opposed a stay. In the interim, on July 7, 2005, petitioner's motion for a writ of <u>error</u> <u>coram</u> <u>nobis</u> was denied. Pursuant to amendments to the "Rockefeller Drug Law," petitioner was resentenced, on July 29, 2005, to imprisonment of thirteen years followed by five years of supervised release. On September 1, 2005, his motion to vacate the judgment was denied. Petitioner subsequently sought leave to appeal the denial of his <u>error</u> <u>coram</u> <u>nobis</u> to the New York Court of Appeals. On September 22, 2005, petitioner requested dismissal of his habeas petition without prejudice, as he had yet to present all of his issues to the highest state court. By Order dated December 28, 2005, I denied both of petitioner's requests, holding that his state court remedies had been substantially exhausted, as the claims which he asserted in his post-conviction state proceedings duplicated those which he raised, and could have raised, in his direct appeal. I held, therefore, that there was no good cause to justify a stay or, for the same reasons, a dismissal. I ordered that petitioner elect to either proceed before me on the merits of his claims, or withdraw his petition with prejudice. He elected the former, and moved for reconsideration of a stay, which I denied on January 27, 2006.

As his first ground for habeas review, petitioner asserts that his Sixth Amendment right to confront witnesses testifying against him was violated when the trial court allowed the undercover identifying officer to testify by identifying himself according to his shield number and not his name, without showing cause. The Appellate Division held

that petitioner's constitutional claim was "unpreserved," as a Confrontation Clause argument requires a "specific contemporaneous objection," which the defense failed to make. 769 N.Y.S.2d at 882. The Appellate Division stated further that were they to review the merits of the claim, they would find that failure of the officer to provide his name was not prejudicial to petitioner. Id. (citing People v. Mulligan, 298 A.D.2d 233 (1st Dept. 2002)).

As the state court based its partial denial of review of the merits on the basis that petitioner did not comply with a state procedural rule which is both "independent of the merits of the federal claim and an adequate basis for the court's decision," this claim is, irrespective of its merits, procedurally barred from this Court's review. See Ocean v. Cunningham, No. 04-0180, 2005 U.S. App. LEXIS 1319, at *2-3 (2d Cir. Jan. 25, 2005) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)) (holding that failure of a state court to review a claim "procedurally defaulted because [petitioner] did not comply with [New York's] contemporaneous-objection rule . . . is an independent and adequate state ground that bars a federal court from granting habeas relief"); see also Henry v. Mississippi, 379 U.S. 443, 446 (1965) (supporting general proposition that federal courts may not review claims dismissed due to failure to comply with state procedural rules). The failure to object is not merely technical; the requirement of timely objection allows the trial court and counsel to consider potential errors and correct them in a timely fashion, when it most counts. As the procedural bar is applicable in this case, this Court may review the claim only if petitioner can demonstrate cause for the procedural defect, as well as resulting prejudicial harm. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). As this is not "an extraordinary case, where a constitutional violation has probably resulted

in the conviction of one who is innocent," I find that petitioner's claim is without merit. Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1992) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). Testifying by giving an identifying number rather than a name does not necessarily curtail any trial rights. The cross-examiner can question the witness' activities in the buy-and-bust operation without regard to the witness' name, and similarly has an opportunity to see and hear that which he testifies about. If there is an issue of curtailment of cross-examination opportunities, the issue should be brought specifically to the court's attention by a timely motion, giving the court an opportunity to cure any deficiency.

Even if petitioner were to assert that counsel's ineffectiveness was the cause of the failure to timely object, his argument would fail under the second prong of the test set out in Strickland v. Washington; a viable claim of ineffective assistance of counsel requires a showing that counsel's defaults resulted in an unfair trial. 466 U.S. 668, 687-88 (1984). Petitioner has failed to make any such showing here. Likewise, if it were the case that the trial court violated state law in failing to require a showing of cause for the anonymity, petitioner could not make a successful argument that the trial court's error should result in reversal of his conviction. As I will discuss below, for state court error to be cognizable on habeas review, it must have denied petitioner a fair trial. Collins v. Scully, 755 F.2d 16, 18 (2d Cir. 1985). Petitioner has not shown that but for the trial court's error, he would not have been convicted.

As his second ground for federal habeas review, petitioner asserts that the trial court violated his Fourteenth Amendment right to due process when it admitted the pre-recorded buy money as evidence, because the prosecution did not have adequate

assurance that the chain of custody was unbroken. Generally, claims challenging the admissibility of evidence in state court proceedings address state law errors. In order to prevail on a claim asserting state court error, the error must be one which not only violates petitioner's constitutional rights, but one which is "so pervasive as to have denied [petitioner] a fundamentally fair trial." Id. In the case at bar, the establishment of a chain of custody for the buy money may not even have been required, as it "possesses unique characteristics or markings and is not subject to material alteration which is not readily apparent." People v. Connelly, 35 N.Y.2d 171, 174 (1974). Even if it were required, the record suggests that at the very least, there were "reasonable assurances of the identity and unchanged condition of the evidence." Tirado v. Senkowski, 367 F. Supp. 2d 477, 488 (W.D.N.Y. 2005) (quoting People v. Julian, 41 N.Y.2d 340, 360 (1977)). Furthermore, any testimonial discrepancy regarding the chain of custody would go the weight of the evidence, not its admissibility, and would therefore be an issue for the jury. Cassells v. Ricks, 2001 WL 1010977, at *7 (S.D.N.Y. July 21, 2000). For the reasons stated above, I decline to find merit to petitioner's claim.

As his third ground for habeas review, petitioner asserts that his right to due process under the Fourteenth Amendment was violated when his pre-trial Sandoval hearing was conducted in his absence. There is a presumption of regularity in judicial proceedings unless a petitioner can show evidence to the contrary. Honeycutt v. Ward, 612 F.2d 36, 41 (2d Cir. 1979), cert. denied, 446 U.S. 1985 (1980)). In addition, "a defendant's absence from a Sandoval . . . hearing is not a violation of the federal Constitution, and thus does not state a ground for habeas relief . . . .[W]hile a defendant has an absolute right under New York law to be present at [a] Sandoval . . . [hearing], that

right does not derive from federal constitutional principles." Jones v. Artuz, No. 97-CV-2063(NG), 2002 U.S. Dist. LEXIS 16603, at *27 (E.D.N.Y. Aug. 30, 2002), aff'd, 96 Fed. Appx. 742 (2d Cir. 2004), cert. denied, 543 U.S. 856 (2004); see also Williams v. McCoy, 7 F. Supp. 2d 214, 220 (E.D.N.Y. 1998). Thus, at least in the context of federal habeas review, I find that petitioner's claim lacks merit.

As his fourth and final ground for habeas review, petitioner asserts that he had ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments of the Constitution. Specifically, petitioner points to trial counsel's failure to object to prosecutorial misconduct during summation. Under the test set out in Strickland, an individual claiming ineffective assistance of counsel must demonstrate both that counsel's defects were outside the range of objectively reasonable professional conduct, and that he was so prejudiced by counsel's defectiveness that the outcome of the trial is unreliable. 466 U.S. at 687-88. As to the first prong of the Strickland test, counsel's failure to object to a number of prosecutorial statements during summation does not reflect objectively unprofessional conduct; the allegedly problematic statements were in direct response to statements made by defense counsel attacking the integrity of the government's case, and such statements have been held to be acceptable during summation. See United States v. Rivera, 22 F.3d 430, 438 (2d Cir. 1994); see also United States v. Feliciano, 223 F.3d 102, 123 (2d Cir. 2000). Furthermore, even if counsel's failure to object to during the prosecution's summation did not reflect reasonable professional behavior, it cannot be said to be so egregious as to have resulted in a patently unfair trial. Thus, petitioner fails the Strickland test for a claim of ineffective assistance of counsel.

For the reasons stated above, I hold that petitioner's claims are without merit and deny his habeas petition. Further, I deny a certificate of appealability because there has not been a substantial showing of denial of a constitutional right. Lozada v. United States, 107 F.3d 1011, 1016-12 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 2659-60 (2d Cir. 1997). The Clerk shall mark the case closed.

So Ordered.

Dated: New York, New York
June 30, 2006

ALVIN K. HELLERSTEIN
United States District Judge